**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

CHRISTIAN MORENO, )
                Movant, )
vs. ) No. 08-00529-CV-W-FJG
UNITED STATES OF AMERICA, ) Crim. No. 06-00368-01-CR-W-FJG
                Respondent. )

**ORDER**

Pending before this Court is movant's amended motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Doc. No. 8, filed October 9, 2008). The Court finds that it has jurisdiction over this matter.

Movant entered into plea negotiations with the government, and pled guilty on March 16, 2007. See Doc. Nos. 111 & 112 to Case No. 06-00368. The plea agreement contained a detailed factual basis of the investigation. Doc. No. 112, ¶ 3. Through the plea agreement, movant waived his right to appeal or challenge, through post-conviction motions, his guilt or sentence. Doc. #112, ¶ 15.

The issues raised by movant focus on whether defense counsel was ineffective for failing to: (1) adequately inform movant of his rights and to explain the terms of the plea agreement; (2) file a motion to suppress statements that were allegedly acquired unconstitutionally by police officers; and (3) file the notice of appeal requested by movant.

Strickland v. Washington, 466 U.S. 668, 687 (1984) held to establish ineffective assistance of counsel, defendant must show: (1) that his counsel's representation fell below an objective standard of reasonableness and (2) that counsel's errors were prejudicial. The Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that the challenged action might be considered sound trial strategy. The reasonableness of counsel's action is judged from the perspective

of counsel at the time of trial and not by hindsight. Lockart v. Fretwell, 506 U.S. 364 (1993). Even if counsel's actions are professionally unreasonable, it may not warrant setting aside the judgment if the error had no effect on the judgment.

## JUDGMENT

The Court has reviewed movant's amended motion (Doc. No. 8) respondent's opposition (Doc. No. 10), and movant's reply (Doc. No. 12), and Court transcripts of the change of plea and sentencing hearings, and finds that movant's allegations are without merit. In particular, movant has waived his post-conviction rights, and movant acknowledged as much during his change of plea hearing. Further, movant's substantive claims included in Claims 1 and 2 are without merit for the reasons stated in respondent's opposition (Doc. No. 10). This Court adopts and incorporates by reference herein that analysis as its own. Regarding Claim 3, movant concedes in his reply (Doc. No. 12) that he never requested or instructed his counsel to file an appeal, which is confirmed by the trial counsel's affidavit, see Doc. No. 10, Exhibit A.

For the aforesaid reasons movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 8), filed October 9, 2008, is **DENIED**.

No evidentiary hearing will be held in this matter because the issues raised are resolvable by the record. Furthermore, movant will be denied a motion for certificate of appealability, in that the issues raised are not debatable among reasonable jurists, nor could a court resolve the issues differently.

Date:  1/22/09
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge